[Cite as *State v. McDaniel*, 2011-Ohio-2186.]

IN THE COURT OF APPEALS FOR CHAMPAIGN COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                          :          C.A. CASE NO.    2010 CA 13

v.                                               :          T.C. NO.    09CR299

CASEY McDANIEL                                   :

    Defendant-Appellant                         :

                                                 :

· · · · · · · · · ·

## DECISION AND ENTRY

Rendered on the ___6th___ day of ___May___, 2011.

· · · · · · · · · ·

NICK A. SELVAGGIO, Atty. Reg. No. 0055607, Prosecuting Attorney, 200 N. Main Street, Courthouse, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

CHRISTOPHER L. WESNER, Atty. Reg. No. 0082699, 430 North Wayne Street, Piqua, Ohio 45356
    Attorney for Defendant-Appellant

CASEY McDANIEL, 5134 Hawk Road, Mechanicsburg, Ohio 43044
    Defendant-Appellant

· · · · · · · · · ·

PER CURIAM:

{¶ 1}  This is an appeal of the Champaign County Common Pleas Court that found

Appellant, Casey McDaniel, guilty of possession of heroin, a felony of the fifth degree.

McDaniel's appellate counsel filed an appeal pursuant to *Anders v. California* (1967), 386 U.S. 738. After a thorough review of the entire record, we find arguable merit as to the stop and search of McDaniel's vehicle.

I

{¶ 2} On October 20, 2009, McDaniel was pulled over by Sergeant Eck of the Mechanicsburg police department for having a missing or defective headlight. After initiating the stop, Sergeant Eck asked McDaniel if there was anything in the car that he should know about. McDaniel replied that she had a marijuana pipe in the car. Sergeant Eck removed McDaniel from the car and noticed a cut piece of straw. Sergeant Eck asked McDaniel about the straw and McDaniel replied that it was heroin. McDaniel was then arrested and indicted for possession of heroin.

{¶ 3} On February 23, 2010, the Champaign County Common Pleas Court held a hearing on a motion to suppress filed by McDaniel. On March 1, 2010, the trial court denied McDaniel's motion to suppress, stating that the vehicle was lawfully stopped and the search of the vehicle was lawful. On March 8, 2010, McDaniel withdrew her not guilty plea and entered a plea of no contest. The trial court sentenced her to three years community control sanctions as well as one hundred hours of community service.

II

{¶ 4} Counsel for the Appellant submitted a brief under the authority of *Anders v. California*. Appellant's counsel states that, after reviewing the record of the trial court proceedings he could not find any arguable issues for appeal.

{¶ 5} *Anders v. California* sets forth the procedure appointed appellate counsel must

follow when he/she wishes to withdraw for lack of any meritorious appealable issues. In *Anders,* the United States Supreme Court held that if counsel does a conscientious examination of the case and determines an appeal to be frivolous, counsel should advise the court and then should request permission to withdraw. *Anders*, 386 U.S. 744. Counsel must also give his/her client a copy of the brief along with the request to withdraw. Id. The appellant then must be given sufficient time to raise any matters he so chooses. Id. After those requirements are satisfied, the appellate court must conduct a thorough examination of the proceedings to determine if the appeal is actually frivolous. Id. If the appellate court does determine the appeal is frivolous, it may then grant counsel's request to withdraw and then dismiss the appeal without violating any constitutional requirements, or the court can proceed to a decision on the merits if state law requires it. Id.

{¶ 6} Appellant's counsel satisfied the requirements of *Anders v. California*. We notified Appellant of her appellate counsel's representation and offered her ample time to file a pro se brief. None has been filed. The court shall examine the entire record to determine if this appeal is frivolous or has arguable merit.

III

{¶ 7} Appellant's counsel does set forth one potential assignment of error, which is as follows:

{¶ 8} "THE SOLE POTENTIAL ASSIGNMENT OF ERROR IS THAT THE DECISION OVERRULING THE DEFENDANT'S MOTION TO SUPPRESS IS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶ 9} After an examination of the record we find arguable merit to an argument

regarding the validity of the stop as well as the subsequent search of McDaniel's vehicle. McDaniel's counsel only raises an issue of whether the findings of fact in the motion to suppress hearing are against the manifest weight of the evidence, while failing to raise the validity of the traffic stop and subsequent search.

{¶ 10} One potential issue that we have identified is the lawfulness of a stop for a purported headlight violation that may not have been affirmatively established by the evidence adduced at the motion to suppress hearing. A second potential issue which is present in the instant case concerns the prolonged detention of a lawfully licensed driver after the basis for the stop may have dissipated.

{¶ 11} In *State v. Brown*, Montgomery App. No. 20336, 2004-Ohio-4058, we stated the following:

{¶ 12} "When a law enforcement officer stops a vehicle for a traffic violation, the officer may detain the motorist for a period of time sufficient to issue the motorist a citation and to perform routine procedures such as a computer check on the motorist's driver's license, registration and vehicle plates. 'In determining if an officer completed these tasks within a reasonable length of time, the court must evaluate the duration of the stop in light of the totality of the circumstances and consider whether the officer diligently conducted the investigation.'" *State v. Aguirre*, Gallia App. 03CA5, 2003-Ohio-4909, quoting *State v. Carlson* (1995), 102 Ohio App.3d 585, 598-59. The duration of a traffic stop may last no longer than is necessary to resolve the issue that led to the original stop, absent some specific and articulable facts that further detention was reasonable. *State v. Chatton* (1984), 11 Ohio St.3d 59; see *State v. Kerns* (Mar. 16, 2001), Montgomery App. No. 18439; *State v. Ramos*, 155 Ohio App.3d 396,

5

2003-Ohio-6535.

{¶ 13} In *State v. Marbury*, Montgomery App. No. 19226, 2003-Ohio-3242, ¶ 7-8, we observed:

{¶ 14} "We are charged by *Anders* to determine whether any issues involving potentially reversible error that are raised by appellate counsel or in his pro se brief are 'wholly frivolous' (386 U.S. at 744, 87 S.Ct. 1417, 18 L.Ed.2d 522.) If we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant. *State v. Pullen* (Dec. 6, 2002), Montgomery App. No. 19232, 2002-Ohio-6788).

{¶ 15} *"Anders* equates a frivolous appeal with one that presents issues lacking an arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal. An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal. *Pullen, supra.*"

{¶ 16} The potential errors we have identified are not wholly frivolous, since they raise an issue concerning the stop as well as the search of McDaniel's vehicle. Therefore, we will set aside the *Anders* brief that was filed and appoint new counsel to represent defendant McDaniel. Counsel is free, of course, to raise any other issues that counsel believes to have merit.

{¶ 17} IT IS SO ORDERED.

THOMAS J. GRADY, Presiding Judge

 

MIKE FAIN, Judge

 

MARY E. DONOVAN, Judge

Copies mailed to:

Nick A. Selvaggio
Christopher L. Wesner
Casey McDaniel
Hon. Roger B. Wilson