[Cite as *State v. Blackburn*, 2017-Ohio-306.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2016-CA-4 |
| | : | |
| v. | : | Trial Court Case Nos. 2015-CR-239 |
| | : | and 2016-CR-31 |
| SHAWN M. BLACKBURN | : | |
| | : | (Criminal Appeal from |
| *Defendant-Appellant* | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of January, 2017.

. . . . . . . . . . .

KEVIN TALEBI, Atty. Reg. No. 0069198, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
     Attorney for Plaintiff-Appellee

SEAN J. VALLONE, Atty. Reg. No. 0064053, 5 Irongate Park Drive, Suite A, Centerville, Ohio 45459
     Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Shawn M. Blackburn, appeals from the conviction and sentence he received in the Champaign County Court of Common Pleas after pleading guilty to possession of heroin in Case No. 2015-CR-239 and aggravated possession of drugs and possession of heroin in Case No. 2016-CR-31. In proceeding with the appeal, Blackburn's assigned counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating there are no issues with arguable merit to present on appeal. After conducting a review as prescribed by *Anders*, we also find no issues with arguable merit. Accordingly, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On November 12, 2015, in Case No. 2015-CR-239, the Champaign County Grand Jury returned an indictment charging Blackburn with one count of possessing heroin in violation of R.C. 2925.11(A),(C)(6)(a) and one count of aggravated possession of drugs, to wit, Percocet/Oxycodone, in violation of R.C. 2925.11(A),(C)(1)(a), both fifth-degree felonies. The charges arose after officers conducted a consensual search of a vehicle occupied by Blackburn and his significant other, Josiah Thrasher, and discovered drug paraphernalia indicative of intravenous heroin use. Following the discovery of the drug paraphernalia, Blackburn admitted to officers that he would test positive for opiates, that he had used heroin four days earlier, and that had swallowed two unprescribed Percocet tablets.

{¶ 3} Blackburn initially pled not guilty to the charges in Case No. 2015-CR-239

and was released on bond. The conditions of Blackburn's bond included being a law-abiding citizen; not obtaining, possessing, or using illegal drugs; and having no contact with his co-defendant, Thrasher. The matter was set for trial on February 23, 2016.

{¶ 4} Prior to the date of trial, on February 4, 2016, Blackburn was indicted in Champaign County Case No. 2016-CR-31 for one count of aggravated possession of drugs, to wit, methamphetamine, in violation of R.C. 2925.11(A),(C)(1)(a), and one count of possessing heroin in violation of R.C. 2925.11(A),(C)(6)(a), both fifth-degree felonies. Blackburn was also charged with possessing drug abuse instruments in violation of R.C. 2925.12(A), a second-degree misdemeanor, and illegal use or possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), a fourth-degree misdemeanor.

{¶ 5} The charges in Case No. 2016-CR-31 arose after the boyfriend of Blackburn's mother called the authorities accusing Thrasher of stealing prescription medication from him. Blackburn was present during the officer's investigation of the matter and he admitted to using heroin and methamphetamine with Thrasher the previous night. After Blackburn's confession, both Blackburn and Thrasher became very ill from the drugs they had used, so the officers transported both men to the hospital for treatment.

{¶ 6} Following his indictment in Case No. 2016-CR-31, on February 5, 2016, Blackburn withdrew his not guilty plea in Case No. 2015-CR-239 and pled guilty to possessing heroin in exchange for the State dismissing the charge for aggravated possession of drugs (Percocet/Oxycodone). The same day, Blackburn also pled guilty in Case No. 2016-CR-31 to aggravated possession of drugs (methamphetamine) and possession of heroin in exchange for the State dismissing the misdemeanor counts for possessing drug abuse instruments and illegal use or possession of drug paraphernalia.

{¶ 7} As part of the plea agreement, the State agreed to recommend a presentence investigation report ("PSI") and the imposition of community control sanctions. Blackburn also agreed to stipulate that his offenses in Case No. 2016-CR-31 are not allied offenses of similar import and that the sentences for those offenses would not merge.

{¶ 8} After conducting a plea colloquy in compliance with Crim.R. 11, the trial court accepted Blackburn's guilty pleas in both cases. The trial court then ordered a PSI and scheduled a sentencing hearing for March 7, 2016. Blackburn was thereafter denied bond and was confined in jail pending the date of his sentencing.

{¶ 9} At the beginning of the sentencing hearing, the trial court noted that Blackburn had been engaging in prohibited communications with Thrasher via jail letters that Blackburn wrote under a different name. The trial court marked the letters as Court Exhibit I and advised that it would consider the letters along with the information in the PSI for purposes of sentencing. Thereafter, the trial court heard statements from each counsel and questioned Blackburn regarding his jail correspondence with Thrasher, which Blackburn admitted was prohibited by the first shift corrections officer that passes out the mail.

{¶ 10} During the course of the sentencing hearing, the trial court considered that Blackburn had a 2013 felony conviction for burglary in Union County for which he was serving five years of community control. The court considered that Blackburn's probation officer in Union County had ordered Blackburn not to have contact with Thrasher in August 2015, but later discovered that Blackburn had been using drugs with Thrasher in September 2015. Additionally, the trial court considered that Blackburn continued to use

drugs with Thrasher through January 2016 despite the order from his probation officer and the no contact order provided by the trial court following his November 2015 indictment in Case 2015-CR-239.

{¶ 11} Based on this information, the trial court made findings under R.C. 2929.13(B)(1)(b) that provided the court with discretion to impose a prison term for Blackburn's fifth-degree felony offenses. Specifically, the trial court found that Thrasher violated the conditions of his bond by not being a law-abiding citizen, using illegal drugs, and having contact with Thrasher. The trial court also found that Blackburn had committed the offenses while under community control in Union County and that his offenses were committed as part of organized criminal activity with Thrasher and other individuals. *See* R.C. 2929.13(B)(1)(b)(iii),(ix), and (xi).

{¶ 12} Continuing, the trial court found that Blackburn's offenses were rendered less serious by the fact that he had acted under strong provocation from his relationship with Thrasher. However the court found that Blackburn's offenses were rendered more serious due to him committing the offenses as part of organized criminal activity, committing the offenses while on community control, and committing his offenses with Thrasher despite the no contact order.

{¶ 13} The trial court also found that recidivism was likely due to Blackburn committing the offenses while on community control, being previously adjudicated a delinquent child, having a history of criminal convictions, and not responding favorably to sanctions previously imposed or being rehabilitated to a satisfactory degree. The court also considered that Blackburn had exhibited no genuine remorse, had refused treatment for drug abuse, and that he had continued to have contact with Thrasher despite the

negative effects their relationship had on him. The trial court also found that recidivism was likely due to Blackburn's family enabling his drug use and due to Blackburn previously rejecting the orders of his Union County probation officer. The trial court also noted that Blackburn had scored high on the Ohio Risk Assessment System.

{¶ 14} After considering all these factors, the trial court imposed a 10-month prison term for possessing heroin in Case No. 2015-CR-239 and an 11-month prison term for each count of aggravated possession of drugs and possession of heroin in Case No. 2016-CR-31. The trial court ordered all the prison terms to be served consecutively for a total prison sentence of 32 months. In ordering consecutive sentences, the trial court made all the required consecutive-sentence findings in R.C. 2929.14(C)(4) and incorporated those findings into its sentencing entry.

{¶ 15} In addition to a prison sentence, the trial court suspended Blackburn's driver's license for an aggregate term of 12 months. After considering his present and future ability to pay, the trial court also imposed an aggregate fine of $750 plus court costs, and ordered payment of appointed counsel fees, which the court expressly stated were not to be collected as court costs, but separately collected by the clerk of court through a civil action.

{¶ 16} The trial court then disapproved Blackburn for placement in intensive program prison for reasons it had discussed on the record including the nature and circumstances surrounding Blackburn's offenses, Blackburn's criminal history, his conduct while on bond, and his repeated association with Thrasher against the orders of multiple court officials, which resulted in multiple instances of drug use while participating in drug treatment services. The court also recommended that Blackburn serve risk

reduction sentencing and awarded him 41 days of jail time credit for Case No. 2015-CR-239.

**{¶ 17}** Blackburn thereafter filed a notice of appeal from his conviction and sentence in both Case Nos. 2015-CR-239 and 2016-CR-31 and requested the appointment of appellate counsel. Following the appointment of counsel, we permitted the record to be supplemented with the PSI and granted an extension of time for Blackburn to file his appellate brief. Blackburn's appellate counsel then filed an *Anders* brief indicating there were no issues with arguable merit to present on appeal. In response, we notified Blackburn that his counsel found no meritorious claim for review and granted him 60 days to file a pro se brief assigning any errors. Blackburn did not file a pro se brief.

### Law and Analysis

**{¶ 18}** Our task in this case is to conduct an independent review of the record as prescribed by *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. In *Anders* cases, the appellate court must conduct a thorough examination of the proceedings to determine if the appeal is actually frivolous, and if it is, the court may "grant counsel's request to withdraw and then dismiss the appeal without violating any constitutional requirements, or the court can proceed to a decision on the merits if state law requires it." *State v. McDaniel*, 2d Dist. Champaign No. 2010 CA 13, 2011-Ohio-2186, ¶ 5, citing *Anders* at 744. "If we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant." (Citation omitted.) *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242,

¶ 7. "*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal." *Id.* at ¶ 8, citing *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. Rather, "[a]n issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *Id*.

{¶ 19} In this case, Blackburn's appellate counsel indicated that he has found no deficiencies or improprieties in Blackburn's plea or sentence, and provided no potential assignment of error for our review. In conducting our independent review of the record as required by *Anders*, we also find no non-frivolous issues for appeal. Therefore, the judgment of the trial court is affirmed.

DONOVAN, P.J. and HALL, J., concur.

Copies mailed to:

Kevin Talebi
Sean J. Vallone
Shawn M. Blackburn
Hon. Nick A. Selvaggio