[Cite as *State v. Thomas*, 2017-Ohio-7520.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27193 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-1012 |
| | : | |
| TRENEX THOMAS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of September, 2017.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

CHRIS BECK, Atty. Reg. No. 0081844, 1370 North Fairfield Road, Suite C, Beavercreek, Ohio 45432
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Trenex Thomas, appeals from his conviction in the Montgomery County Court of Common Pleas after he entered a no contest plea to one count of failure to verify his address of residence in violation of R.C. 2950.06(A) and (F). On May 22, 2017, Thomas's assigned counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating there are no issues with arguable merit to present on appeal.   On May 23, 2017, we notified Thomas that his counsel found no meritorious claim for review and granted him 60 days to file a pro se brief assigning any errors.   Thomas did not file a pro se brief.   After conducting a review of the record as prescribed by *Anders*, we find no issues with arguable merit for appeal.

**Facts and Course of Proceedings**

{¶ 2} On April 19, 2016, the Montgomery County Grand Jury returned an indictment charging Thomas with one count of failure to verify his address of residence in violation of R.C. 2950.06(A) and (F), and one count of failure to notify the sheriff of his change of address in violation of R.C. 2950.05(A) and (F)(1).   Both charges were designated as felonies of the third degree.

{¶ 3} The charges stemmed from allegations that Thomas was required to register as a sex offender/child-victim offender pursuant to R.C. 2950.04 and R.C. 2950.041 as a result of being adjudicated a delinquent child in Cooke County, Illinois, for committing aggravated criminal sexual assault of a victim less than nine years of age.   The record indicates that the Illinois court adjudicated Thomas and ordered him to register as a

sexual offender on December 5, 2000, when he was 12 years old. Ten years later, Thomas first registered in Ohio on January 6, 2010.

{¶ 4} The indictment charging Thomas alleged that in March 2016, Thomas failed to verify his Ohio address and failed to notify the sheriff of his change of address in violation of R.C. 2950.06 and R.C. 2950.05. The indictment further alleged that in 2012, Thomas was previously convicted in Greene County, Ohio, for attempted failure to register and failure to notify the sheriff of his change of address.

{¶ 5} Following his indictment, Thomas filed a motion to dismiss the failure to verify and failure to notify charges on grounds that Illinois law only subjected him to a ten-year registration requirement, which Thomas claimed expired in 2010, and relieved him of any duty to register in Ohio. In response, the State argued that Illinois law subjects offenders like Thomas to a lifetime registration requirement, which also applies in Ohio per R.C. 2950.04(A)(4) and R.C. 2950.041(A)(4). Accordingly, the State contended that Thomas was never relieved of his duty to abide by the registration requirements in Chapter 2950 of the Revised Code.

{¶ 6} On May 31, 2016, the trial court issued a written decision overruling Thomas's motion to dismiss. The trial court based its decision on the Supreme Court of Illinois' holding in *In re J.W.*, 204 Ill.2d 50, 787 N.E.2d 747 (2003). In *J.W.*, the Supreme Court of Illinois held that a juvenile who was adjudicated a delinquent following his admission to two counts of aggravated criminal sexual assault was properly ordered to register as a sexual offender for his entire life. *Id.* at 66. In reaching its decision, the Supreme Court of Illinois determined that a juvenile who is adjudicated for aggravated criminal sexual assault is deemed a "sexual predator" under Section 2 of the Illinois Sex

Offender Registration Act, and that Section 7 of the Act requires a sexual predator to "register for the period of his or her natural life[.]" *Id.* at 63-66, citing 730 ILCS 150/7. *See also* 730 ILCS 150/2(E)(1). In applying *J.W.* to the case at bar, the trial court held that Illinois law subjected Thomas to a lifetime registration requirement because he is considered a "sexual predator" as a result of being adjudicated for aggravated criminal sexual assault. Accordingly, the trial court overruled Thomas's motion to dismiss.

{¶ 7} After the trial court overruled Thomas's motion to dismiss, on June 23, 2016, Thomas entered a no contest plea to the failure to verify charge in exchange for the State dismissing the failure to notify charge. As part of the plea agreement, the parties agreed that if Thomas were to receive a prison sentence, it would not exceed 18 months.

{¶ 8} At the plea hearing, the trial court conducted a plea colloquy in compliance with Crim.R. 11, accepted Thomas's no contest plea, and found Thomas guilty of failing to verify his address of residence. Thereafter, the trial court ordered a presentence investigation report and scheduled Thomas's sentencing hearing for July 7, 2016.

{¶ 9} At the sentencing hearing, the trial court sentenced Thomas to serve community control sanctions not to exceed five years with various conditions. Thomas then appealed from his conviction and was appointed an appellate counsel who filed an *Anders* brief indicating there are no issues with arguable merit for appeal. While this appeal was pending, the trial court revoked Thomas's community control sanctions and sentenced him to 12 months in prison.

{¶ 10} Pursuant to *Anders*, this court must conduct an independent review of the record to determine if the appeal at issue is wholly frivolous. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. "*Anders* equates a frivolous appeal with one that

presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. Rather, "[a]n issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *Id.*, citing *State v. Pullen,* 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4.

{¶ 11} If we determine the appeal is frivolous, we may grant counsel's request to withdraw and then dismiss the appeal without violating any constitutional requirements, or we can proceed to a decision on the merits if state law requires it. *State v. McDaniel*, 2d Dist. Champaign No. 2010 CA 13, 2011-Ohio-2186, ¶ 5, citing *Anders* at 744. However, "[i]f we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant." *Marbury* at ¶ 7, citing *Pullen* at ¶ 2.

{¶ 12} As a potential assignment of error, Thomas's appellate counsel suggests the trial court erred by overruling Thomas's motion to dismiss. However, counsel acknowledges that in reaching its decision to overrule the motion, the trial court correctly applied *In re J.W.*, 204 Ill.2d 50, 787 N.E.2d 747. Counsel recognizes that the Supreme Court of Illinois made clear in *J.W.* that a juvenile adjudication for aggravated criminal sexual assault carries a sexual predator classification and a lifetime registration requirement. Accordingly, Thomas's appellate counsel concedes that the suggested potential assignment of error is without merit. Having reviewed the trial court's decision and the Supreme Court of Illinois' decision in *J.W.*, we agree that the potential assignment

of error raised by counsel is meritless.

{¶ 13} In addition to considering the potential assignment of error raised by appellate counsel, we have performed our duty under *Anders* to conduct an independent review of the record.   Having conducted our independent review, we find that there are no issues with arguable merit for Thomas to advance on appeal.   Accordingly, we conclude that Thomas's appeal is wholly frivolous and affirm the judgment of the trial court.

. . . . . . . . . . . .

HALL, P.J. and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Andrew T. French
Chris Beck
Trenex Thomas
Hon. Dennis J. Langer