[Cite as *State v. Farris*, 2019-Ohio-47.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-55 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-13 |
| | : | |
| LUKE FARRIS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of January, 2019.

. . . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

GARY C. SCHAENGOLD, Atty. Reg. No. 0007144, 4 East Schantz Avenue, Dayton, Ohio 45409
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, Luke Farris, appeals from his conviction in the Clark County Court of Common Pleas after he pled guilty to two counts of aggravated possession of drugs. On July 31, 2018, Farris's appointed appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for appeal. On September 17, 2018, this court notified Farris that his counsel found no meritorious claim to present on appeal and granted him 60 days to file a pro se brief assigning any errors. Farris, however, did not file a pro se brief. After reviewing the entire record as prescribed by *Anders*, we find no issues with arguable merit. Accordingly, the judgment of the trial court will be affirmed.

### Facts and Course of Proceedings

{¶ 2} On January 8, 2018, the Clark County Grand Jury returned an indictment charging Farris with two counts of aggravated possession of drugs in violation of R.C. 2925.11(A), both felonies of the fifth degree, and one count of illegally conveying drugs onto the grounds of a detention facility in violation of R.C. 2921.36(A)(2), a felony of the third degree. The charges arose after a police officer discovered methamphetamine in Farris's vehicle during a consensual search and thereafter on Farris's person while he was in jail.

{¶ 3} On March 14, 2018, Farris pled guilty to the two counts of aggravated possession of drugs as part of a negotiated plea agreement with the State. In exchange for Farris's guilty plea, the State agreed to dismiss the illegal conveyance charge. The

parties also agreed that a presentence investigation ("PSI") would be conducted prior to Farris's sentencing hearing. During Farris's plea hearing, the trial court conducted a plea colloquy in compliance with Crim.R. 11(C) and accepted Farris's guilty plea. Per the parties' agreement, the trial court also ordered a PSI.

{¶ 4} On April 5, 2018, the trial court proceeded to sentencing. At the sentencing hearing, the trial court found that pursuant to R.C. 2929.13(B)(1)(b)(xi), it had discretion to impose a prison term for Farris's two aggravated possession of drugs offenses. Specifically, the trial court found that Farris committed one of the offenses while he was out on bond in an unrelated case originating in Miami County. The trial court also noted that it had reviewed the PSI, which indicated that Farris had several prior misdemeanor convictions for traffic related offenses, disorderly conduct, menacing, receiving stolen property, and possession of drugs.

{¶ 5} The PSI also indicated that Farris had a history of substance abuse. Farris reported to the PSI examiner that in 2016 he completed a three-month residential rehabilitation program and a 90-day out-patient rehabilitation program. Farris also advised the trial court that he had been clean and sober for several months, but probably needed further treatment.

{¶ 6} At the time of his sentencing, Farris was serving two consecutive 180-day jail terms for misdemeanor offenses committed in Miami County. After considering the PSI, the statements made by counsel and Farris, the purposes and principles of sentencing in R.C. 2929.11, and the seriousness and recidivism factors in R.C. 2929.12, the trial court sentenced Farris to serve nine months in prison for each offense. The trial court then ordered those prison terms to be served concurrently to each other and concurrently to

the sentence Farris was serving in Miami County.   The trial court also granted Farris "jail credit" from the date of his sentencing, "April 5, 2018 until conveyance to the penitentiary." Judgment Entry of Conviction (Apr. 5, 2018), Clark C.P. No. 2018-CR-13, Docket No. 12, p. 1.

**Law and Analysis**

{¶ 7} As previously noted, Farris's appellate counsel filed a brief pursuant to *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.   According to *Anders*, this court must conduct an independent review of the record to determine if the appeal at issue is wholly frivolous.   *Id.* at 744.   "*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit.   An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal."   *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8.   Rather, "[a]n issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal."   *Id.*, citing *State v. Pullen,* 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4.

{¶ 8} If we determine the appeal is frivolous, we may grant counsel's request to withdraw and then dismiss the appeal without violating any constitutional requirements, or we can proceed to a decision on the merits if state law requires it.   *State v. McDaniel*, 2d Dist. Champaign No. 2010 CA 13, 2011-Ohio-2186, ¶ 5, citing *Anders* at 744.   However, "[i]f we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the

defendant." *Marbury* at ¶ 7, citing *Pullen* at ¶ 2.

{¶ 9} In this case, Farris's appellate counsel has not raised any potential assignments of error for our review. After conducting an independent review of the record pursuant to *Anders*, we agree with Farris's appellate counsel that, based on the facts and relevant law, there are no issues with arguable merit to present on appeal. Accordingly, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

Andrew P. Pickering
Gary C. Schaengold
Luke Farris
Hon. Douglas M. Rastatter