[Cite as *State v. Snowden*, 2020-Ohio-5412.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28608 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-1809 |
| | : | |
| DEONTE DWAYNE SNOWDEN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 25th day of November, 2020.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

JOE CLOUD, Attorney Reg. No. 0040301, 3973 Dayton-Xenia Road, Beavercreek, Ohio 45432
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

**{¶ 1}** Defendant-Appellant, Deonte Dwayne Snowden, appeals from his resentencing following a remand from our court in *State v. Snowden*, 2019-Ohio-3006, 140 N.E.3d 1112 (2d Dist.). Specifically, we sustained the fifth of Snowden's nine assignments of error and remanded the case so the trial court could "orally make the additional findings to support the imposition of consecutive sentences." *Id.* at ¶ 80.

**{¶ 2}** On April 7, 2020, Snowden's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that he found no potential assignments of error having arguable merit. Counsel, therefore, asked us to conduct an independent review of the record to decide if there were any meritorious issues to present on appeal. Counsel did not suggest any possible issues.

**{¶ 3}** On April 9, 2020, we notified Snowden that his appellate counsel was unable to find any meritorious claims to present for review and granted him leave to file a pro se brief within 60 days. On April 14, 2020, the State filed a response to the *Anders* brief and asked for an opportunity to respond if we found an appealable issue and appointed new counsel.

**{¶ 4}** On September 1, 2020, Snowden filed a pro se brief, raising two assignments of error. The State then filed a notice on September 14, 2020, stating that it did not intend to respond to Snowden's pro se brief. However, as before, the State indicated that it would like a chance to respond if we found an appealable issue and appointed new counsel.

**{¶ 5}** After reviewing the record and conducting our independent *Anders* review, we find no issues with arguable merit for Snowden to advance on appeal. Accordingly, the judgment of the trial court will be affirmed.

## I. Factual Background

{¶ 6} In July 2018, a jury found Snowden guilty of several offenses, including two counts of murder, two counts of felonious assault, one count of having weapons while under disability, and one count of bribery (corrupting a witness). The murder and felonious assault charges had firearm specifications as well. All the charges except the bribery offense were related to the June 6, 2016 murder of William Sarver. *Snowden*, 2019-Ohio-3006, 140 N.E.3d 1112, at ¶ 1 and 13-14.

{¶ 7} Previously, the jury in Snowden's initial trial had been unable to reach a verdict, and the court had declared a mistrial. *Id.* at ¶ 12. After that trial, it was discovered that Snowden had offered one witness money to provide favorable trial testimony and had asked another witness to change her testimony. *Id.* at ¶ 14. This resulted in a "B Indictment," charging Snowden with one count of bribery. As described above, the second trial in July 2018, involving all charges in the A and B indictments, resulted in guilty verdicts on all counts, except the charge of having weapons under disability. The court held a bench trial on that charge and found Snowden guilty. *Id.* at ¶ 15.

{¶ 8} At the August 7, 2018 sentencing hearing, the trial court merged the two murder counts as well as the two felonious assault counts. In addition, the court merged all the accompanying firearm specifications. The State then elected to proceed on murder as charged in Count I, which carried a mandatory sentence of 15 years to life in prison. The court also sentenced Snowden to three years in prison for having weapons under disability, to be served concurrently to the murder sentence. Finally, the court

sentenced Snowden to three years in prison on the bribery conviction and to three years for the firearm specification, both of which were to be served consecutively to the murder sentence. Thus, Snowden's aggregate sentence was 21 years to life in prison. *Id.*

{¶ 9} As indicated, Snowden appealed to our court, raising nine assignments of error. These matters included: (1) error in overruling Snowden's motion to suppress; (2) error in overruling the motion to sever the bribery count from the trial for the other offenses; (3) error in various evidentiary rulings; (4) a claim the verdict was against the manifest weight of the evidence; (5) failure to make the findings needed for imposing consecutive sentences; (6) error in imposing restitution; (7) ineffective assistance of counsel; (8) prosecutorial misconduct; and (9) cumulative error. *Snowden*, 2019-Ohio-3006, 140 N.E.3d 1112, at ¶ 17, 43, 52, 66, 75, 82, 97, 106, and 119. We overruled all the assignments of error other than the sentencing error, and remanded the case to the trial court for resentencing. *Id.* at ¶ 77-81 and 123.

{¶ 10} After the case was remanded, the trial court held a new sentencing hearing on February 21, 2020, and reimposed the same sentence, including consecutive sentences on the firearm specification and bribery convictions, for a total sentence of 21 years to life in prison. Snowden then filed a timely appeal from the court's judgment.

II. *Anders* Standards

{¶ 11} Under *Anders*, we must conduct an independent review of the record to decide if an appeal is "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. *See also Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). If we decide an appeal is frivolous, we may grant counsel's request to withdraw

and then dismiss the appeal without violating any constitutional requirements; we can also decide the case on the merits if state law requires it. *State v. McDaniel*, 2d Dist. Champaign No. 2010-CA-13, 2011-Ohio-2186, ¶ 5, citing *Anders* at 744. However, if we find that any issue involves "legal points that are arguable on their merits, and therefore are not wholly frivolous, * * * we must appoint other counsel to argue the appeal." *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 2, citing *Anders* at 744.

{¶ 12} "*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal. An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8, citing *Pullen*.


III. Potential Issues

{¶ 13} After conducting an independent review of the record pursuant to *Anders*, we agree with Snowden's appellate counsel that, based on the facts and relevant law, there are no issues with arguable merit to present on appeal. Snowden's case was remanded solely because the trial court failed to comply with the requirements for imposing consecutive sentences. In this regard, we commented that:

> Initially, we note that the trial court incorporated the requisite findings
> for the imposition of consecutive sentences into Snowden's judgment entry
> pursuant to R.C. 2929.14(C)(4). The State concedes, however, that the

trial court failed to make the requisite findings for imposing consecutive sentences at Snowden's sentencing hearing. At Snowden's sentencing hearing, the trial court stated the following with respect to the imposition of consecutive sentences:

The State: And I believe the Court needs to make the consecutive findings on the record for those sentences for Count I, and again the B indictment, based on its additional three years to run consecutive.

The Court: Well, the Court – thank you. *The Court finds that consecutive sentences are necessary to punish the Defendant for the activities in which he has engaged, particularly with regard to the bribery which was consecutive – the Court finds that is the worst form of that offense and consecutive sentencing is necessary then to punish the Defendant for that.*

* * *

Although the trial court explicitly state[d] that consecutive sentences were necessary to punish Snowden, the trial court did not find that consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger the offender posed to the public. Additionally, the trial court's statement does not contain any of the requisite findings set forth in R.C. 2929.14(C)(4)(a)-(c). Accordingly, the trial court's findings at the sentencing hearing were not consistent with the judgment entry. Therefore, the case will be remanded to the trial court for it to orally

make the additional findings to support the imposition of consecutive sentences.

(Emphasis sic.) *Snowden*, 2019-Ohio-3006, 140 N.E.3d 1112, at ¶ 79-80.

{¶ 14} When the new sentencing hearing was held on September 10, 2019, the trial court stated as follows:

The Court: * * * The Court has reviewed – well, reviewed again the presentencing investigation report provided by the Division of Criminal Justice Services in this case and has considered it in connection with its sentencing hearing and decision. Considering the principles and purposes of sentencing in the revised code, the seriousness and recidivism factors contained therein, it's the judgment and sentence of this Court that Defendant, Deonte Dwayne Snowden, be sentenced to the Ohio Department of Rehabilitation and Correction as follows:

As to Counts I and III, this Court finds that those merge, and the State has opted for sentencing on Count I. That sentence is fifteen years to life, together with a three-year firearm specification. And the Court finds that Counts II and IV merge, together with their firearm specifications. The State – and merged with Count I.

So as to the A indictment, again, a mandatory fifteen years to life with a three-year firearm specification. As to Count V, three years to run concurrently to Count I.

So as to the B indictment, three years to run consecutively to Count I, the Court finding that consecutive sentencing is required to protect the

public from future crime and to punish the offender, that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger * * * the offender poses to the public, and that at least two of the multiple offenses were committed as part of one or more courses of conduct. And the harm posed by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed, as part of the course of conduct, adequately reflect the seriousness of the offender's conduct.

Transcript of Proceedings (Resentencing Hearing) ("Tr."), p. 6-8.

{¶ 15} The court then filed a nunc pro tunc judgment entry on October 16, 2019, reflecting the court's findings and imposing, as before, an aggregate prison term of 21 years to life.

{¶ 16} Our review indicates that the trial court corrected the error we found, and any arguments in that respect are wholly frivolous. Nonetheless, Snowden has presented two proposed assignments of error. We will discuss them separately.

A. Requirement of Findings

{¶ 17} The first proposed assignment of error states:

The Nunc Pro Tunc Termination Entry of the Trial Court Is in Violation of the Due Process and Equal Protection Clauses of the United States and Ohio Constitution, Where the Trial Record Does Not Support the Sentencing Court's Findings Under the Protected Liberty Interest of Ohio Revised Code Section 2929.14(C).

{¶ 18} Under this proposed assignment of error, Snowden contends that the trial court merely made a "rote reading" of the statutory language in R.C. 2929.14(C) at the sentencing hearing, without stating the required findings. Snowden also argues that he was not convicted of multiple courses of conduct; instead, his conviction for bribery arose from events that occurred months later.

{¶ 19} As to the first point, the Supreme Court of Ohio has held that "[i]n order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. *Accord State v Bustos*, 2d Dist. Miami No. 2019-CA-19, 2020-Ohio-5028, ¶ 11. The trial court here did all that was required under the law and by our remand.

{¶ 20} Concerning Snowden's second point, committing a second crime (bribery) is the very meaning of multiple courses of conduct. The fact that both crimes were connected is irrelevant. Furthermore, the crime was committed while Snowden was in jail awaiting trial for murder, and he attempted to bribe witnesses to the murder.

{¶ 21} Based on the preceding discussion, Snowden's arguments regarding this issue are wholly frivolous. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493.


B.   Alleged Ineffective Assistance of Counsel

{¶ 22} Snowden's second proposed assignment of error states:

Appellant Was Denied Effective Assistance of Counsel, as Guaranteed by the Sixth Amendment to the United States Constitution,

Where His Trial Counsel Was Ineffective for Failing to Object to the Imposition of a Consecutive Sentence Contrary to Law.

**{¶ 23}** Concerning this proposed assignment of error, Snowden contends that trial counsel rendered ineffective assistance because he failed to object to the trial court's failure to make adequate findings. Given our previous discussion, this argument is wholly frivolous. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493.

**{¶ 24}** Snowden's second point is that his trial counsel was ineffective because he failed "to direct the trial court's attention to the underlying facts of the case, as well as the information set forth in the presentence investigation, which unequivocally demonstrates that the trial court's findings were unsupported by the record." Merit Brief of Deonte Dwayne Snowden, p. 6.

**{¶ 25}** "In order to prevail on a claim of ineffective assistance of counsel, the defendant must show both deficient performance and resulting prejudice." *State v. Matthews*, 189 Ohio App.3d 446, 2010-Ohio-4153, 938 N.E.2d 1099, ¶ 39 (2d Dist.), citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "Trial counsel is entitled to a strong presumption that his conduct falls within the wide range of effective assistance, and to show deficiency, the defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness." *Id.*

**{¶ 26}** Furthermore, "[t]he adequacy of counsel's performance must be viewed in light of all of the circumstances surrounding the trial court proceedings." *State v. Jackson*, 2d Dist. Champaign No. 2004-CA-24, 2005-Ohio-6143, ¶ 29, citing *Strickland*. "Hindsight may not be allowed to distort the assessment of what was reasonable in light of counsel's perspective at the time." *Id.*, citing *State v. Cook*, 65 Ohio St.3d 516, 524,

605 N.E.2d 70 (1992).

**{¶ 27}** "Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction. 'An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.' " *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989), quoting *Strickland* at 691. "To warrant reversal, '[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Id.*, quoting *Strickland* at 694.

**{¶ 28}** Before Snowden was sentenced the first time, the State filed a sentencing memorandum, seeking the maximum term of imprisonment for the charges – 24 years to life. *See* State's Sentencing Memorandum (August 2. 2018), p. 1. In discussing its reasoning, the State noted that Snowden had accelerated a dispute and had shot a family friend in front of his aunt and young cousins, who witnessed the friend dying. *Id.* at p. 2-3. Snowden then fled the scene and disposed of the gun and his cell phone in order to escape detection. *Id.* at p. 3. He also attempted to disguise his car and fled to Arizona, where he was located four months later. *Id.* While Snowden was in jail, he contacted a cousin shortly before his trial and offered him $2,500 to lie and tell the jury that he did not recall what had happened. *Id.* at p. 3-4.

**{¶ 29}** Before Snowden was sentenced, the trial court also reviewed the presentence investigation report ("PSI"), which revealed that Snowden, who was then 36 years old, had an extensive criminal record beginning when he was a juvenile.

Snowden's first offense as a juvenile was a domestic violence charge that occurred when he was 16. PSI, p. 2. Shortly thereafter, Snowden was charged with assault; he was also charged as a juvenile with drug abuse and theft. *Id.* at p. 3. After becoming an adult, Snowden was charged with 15 misdemeanor offenses, including assault, domestic violence, disorderly conduct, intoxication, and drug abuse. *Id.* at p. 4-5. In addition, Snowden had 34 traffic violations, several felony convictions, and numerous instances of failing to pay child support for children he had fathered. *Id.* at p. 5-6 and 8. Finally, Snowden had a history of drug and alcohol abuse beginning at ages 19 and 21, respectively, and ending only when he was incarcerated in October 2016. *Id.* at p. 8.

{¶ 30} When the matter was before the trial court on resentencing, the trial court stated that it had again reviewed the PSI. Tr. at p. 6. Snowden does not suggest what circumstances or facts differed from when the court initially sentenced him, nor does he suggest what trial counsel should have said or how alerting the court would have made any difference. We have also not discovered a shred of evidence in the record to indicate that trial counsel acted ineffectively in this regard. Snowden's extensive criminal history, failure to refrain from committing criminal actions, and actions after the crime occurred strongly supported the trial court's findings.

{¶ 31} Accordingly, this proposed assignment of error is also wholly frivolous. *Anders,* 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493.


IV. Conclusion

{¶ 32} We have examined the entire record and have conducted our independent review in accordance with *Penson,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300. We

agree with appellate counsel that no non-frivolous issues exist for appeal. Accordingly, the trial court's judgment is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and DONOVAN, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Joe Cloud
Deonte Dwayne Snowden
Hon. Gregory F. Singer