[Cite as *State v. Danon*, 2018-Ohio-419.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-14 |
| | : | |
| v. | : | Trial Court Case No. 17-CR-52A |
| | : | |
| BENJAMIN R. DANON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of February, 2018.

. . . . . . . . . .

JANNA L. PARKER, Atty. Reg. No. 0075261, Miami County Prosecutor's Office, 201 W. Main Street, Safety Building, Troy, Ohio 45373
     Attorney for Plaintiff-Appellee

THOMAS M. KOLLIN, Atty. Reg. No. 0066964, 3725 Pentagon Boulevard, Suite 270, Beavercreek, Ohio 45431
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Benjamin R. Danon was found guilty by the Miami County Court of Common Pleas on his no contest plea to aggravated robbery. The trial court sentenced him to six years in prison and ordered him to pay court costs of $519.33. Danon appeals from his conviction, claiming that his plea was not made knowingly, intelligently, and voluntarily, and that the trial court abused its discretion in overruling his motion to continue the sentencing hearing. For the following reasons, the trial court's judgment will be affirmed.

## I. Background and Procedural History

{¶ 2} According to the prosecutor's statements at the sentencing hearing, on November 13, 2016, Danon and three others went to a residence to steal back drugs that had been stolen from him (Danon) or to take compensation for those drugs; several individuals were present in the residence. The prosecutor described Danon as the "ringleader" of the co-defendants and indicated that all witnesses reported that Danon had taken out a handgun and threatened the victims with it. Danon denied that he had a weapon, but told police he had punched someone in the face. Danon stated at sentencing that he was "trying to help somebody" when he participated in the robbery.

{¶ 3} On January 26, 2017, Danon and three co-defendants were each indicted for one count of aggravated robbery, a first-degree felony. On February 2, 2017, Danon appeared before the court by video for his arraignment. The trial court noted that Danon had retained counsel, but counsel had not yet entered an appearance. Upon inquiry, Danon indicated that he would like to speak with his attorney before being arraigned and requested a continuance. The court rescheduled the matter for Tuesday, February 14, 2017. (A written entry granting the continuance was not filed until March 24, 2017.)

{¶ 4} Defense counsel formally entered his appearance during the afternoon of February 2, 2017, and requested that Danon's bond be modified to electronic home detention due to Danon's "medical condition;" Danon remained incarcerated. (The motion did not specify Danon's medical condition, but the record reflects that Danon has Crohn's Disease.) At the same time, counsel also filed a motion for a continuance of the scheduled February 14 arraignment. Counsel indicated that he is a magistrate in municipal court on Tuesdays, creating a conflict with the February 14 arraignment date. The trial court granted the motion to continue and rescheduled the arraignment for March 6, 2017.

{¶ 5} Danon was arraigned, as scheduled, on March 6, 2017. At that time, the court scheduled a pretrial conference for March 13, 2017. Defense counsel orally requested a continuance of the pretrial conference, and the conference was rescheduled for March 20, 2017. (A written motion for a continuance of the March 13 pretrial conference and a written decision granting that motion were subsequently filed on March 23, 2017 and March 24, 2017, respectively.) The March 20, 2017 pretrial conference was held, and on March 22, 2017, the trial court filed a pretrial order that set a final pretrial conference for May 15 and trial dates of May 31, June 1, and June 2, 2017.

{¶ 6} On April 10, 2017, Danon moved for a continuance of the May 31, 2017 trial. In his supporting memorandum, counsel stated that he would be out of the office on May 31, June 1, and June 2, 2017, and would be unavailable for trial. The trial court denied the motion, reasoning that the trial had been scheduled at a pretrial conference where defense counsel was present, the motion was filed three weeks after that pretrial conference, counsel offered no explanation for why he would be out of the office on the

scheduled trial dates, and the court had previously granted continuances of Danon's arraignment (twice) and a pretrial conference, all at Danon's request.

{¶ 7} On May 17, 2017, Danon pled no contest to aggravated robbery. Danon had no plea agreement with the State. The trial court found him guilty and ordered a presentence investigation. The court scheduled a sentencing hearing for July 5, 2017. On May 24, 2017, the trial court filed an amended hearing notice, which vacated the July 5, 2017 sentencing hearing date and rescheduled it for June 22, 2017.

{¶ 8} Following Danon's plea, defense counsel sought to have Danon psychologically evaluated by Dr. Mary Melton of the Ohio Intervention Center. Initially, Dr. Melton was unable to gain access to Danon at the jail, due to the jail's requirement that Dr. Melton first undergo a background check. This prompted Danon to file a "motion for permission to conduct assessment," which sought an order permitting Dr. Melton to have access to Danon; the court denied the motion, stating that it would not second-guess the jail's security requirements. Dr. Melton subsequently underwent a background check and was able to meet with Danon.

{¶ 9} On June 9, 2017, defense counsel filed a motion for continuance of the sentencing hearing and for an order granting Dr. Melton a professional visit with Danon. Counsel indicated that Dr. Melton had met with Danon at the jail, but she was unable to complete her forensic evaluation due to the inability to have Danon complete certain tests. The trial court denied the motion for a continuance on June 16, 2017. The court's entry stated that, "[t]o expedite a resolution, the court contacted the jail and learned that the jail had already arranged with Dr. Melton to make the defendant available to complete the evaluation. It is anticipated that counsel will have the evaluation in time for the

sentencing hearing."

{¶ 10} On June 21, 2017, Danon filed a sentencing memorandum, which consisted of a six-page memorandum from counsel and approximately 150 pages of exhibits. In his memorandum, counsel argued that Danon did not cause physical harm to anyone during the offense and did not possess a weapon, although he led the victims to believe he had a weapon. Counsel also emphasized that Danon does not have a violent past, that he cooperated with the police regarding this offense, and that he has significant physical and mental health issues, including a need for imminent surgery. Counsel requested a minimum sentence of 17 months in prison and that Danon's sentence not be more than his co-defendants' sentences.

{¶ 11} The exhibits attached to the sentencing memorandum included: (1) a voice evaluation that allegedly supported Danon's assertion that he did not have a weapon during the offense; (2) Dr. Melton's report; (3) 32 pages of records from Samaritan Behavioral Health; (4) numerous pages of medical records related to Danon's Crohn's disease; (5) copies of filings by defense counsel; (6) three reports of medical studies concerning inflammatory bowel disease and mental health issues, particularly depression; (7) letters in support of Danon by family and friends; and (8) copies of some family photographs.

{¶ 12} At the June 22 sentencing hearing, defense counsel told the court that he had filed a sentencing memorandum that incorporated all of his arguments. The court responded that it had not received it, although it had been filed with the clerk. The parties and the court discussed whether they were available for sentencing later that day. When defense counsel indicated that he had obligations in other courts that day and all that

afternoon in Xenia, the court ordered a recess and indicated that "[w]e will reconvene as soon as I finish reviewing all of this [the sentencing memorandum]."

**{¶ 13}** Upon reconvening, the trial court stated that it had "an opportunity over the last hour to review [the sentencing memorandum] and I'm ready to proceed." Danon and his attorney spoke on Danon's behalf. Danon expressed regret for what he did and that he "didn't mean for anybody to get hurt in this whole situation."

**{¶ 14}** The prosecutor spoke in favor of a harsh sentence. She described the circumstances of the offense, as related by witnesses, and Danon's leadership in planning the offense. The prosecutor further told the trial court that Danon had threatened his co-defendants to induce them not to cooperate with law enforcement regarding this case. The prosecutor refuted that Danon had accepted responsibility for his actions and/or cooperated with the police. In addition, the prosecutor indicated that she had "forty pages of write-ups of the defendant and his behavior in the jail."

**{¶ 15}** The trial court sentenced Danon to six years in prison.

**{¶ 16}** Danon appeals from his conviction, raising two assignments of error. We will address them in reverse order.

## II. Danon's Plea to Aggravated Robbery

**{¶ 17}** Danon's second assignment of error states:

The trial court erred in accepting Appellant's no contest plea because Appellant's plea was not entered voluntarily.

**{¶ 18}** Crim.R. 11(C)(2) requires the court to address the defendant personally and (a) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty, and, if applicable, that the defendant

is not eligible for probation or for the imposition of community control sanctions; (b) inform the defendant of and determine that the defendant understands the effect of the plea and that the court, upon acceptance of the plea, may proceed with judgment and sentencing; and (c) inform the defendant and determine that he or she understands that, by entering the plea, the defendant is waiving the rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses, and to require the State to prove guilt beyond a reasonable doubt at a trial at which he or she cannot be compelled to testify against himself or herself. *State v. Brown*, 2d Dist. Montgomery No. 21896, 2007-Ohio-6675, ¶ 3.

{¶ 19} The Supreme Court of Ohio has urged trial courts to literally comply with Crim.R. 11. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29. However, because Crim.R. 11(C)(2)(a) and (b) involve non-constitutional rights, the trial court need only substantially comply with those requirements. *E.g., State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.* In contrast, the trial court must strictly comply with Crim.R. 11(C)(2)(c), as it pertains to the waiver of federal constitutional rights. *Clark* at ¶ 31.

{¶ 20} Furthermore, when non-constitutional rights are at issue, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made generally must show a prejudicial effect. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 17. Prejudice in this context means that the plea would otherwise not have been entered. *Id.* at ¶ 15.

**{¶ 21}** Danon argues that his no contest plea to aggravated robbery was not voluntary, because he felt pressured to enter a plea that day. Danon emphasizes that the trial court had denied a continuance of the trial date, and he references statements that he made at the plea hearing to support his claim that he did not voluntarily enter his plea. Danon does not claim that the trial court failed to comply with Crim.R. 11.

**{¶ 22}** The plea hearing was held on May 17, 2017, prior to the scheduled trial date of May 31, 2017. There is nothing in the record to indicate that Danon elected to enter a plea because his counsel's request for a continuance of the trial date was denied.

**{¶ 23}** During the plea hearing, the trial court asked Danon several questions related to whether Danon was satisfied with his attorney and was comfortable with entering a plea. Toward the beginning of the plea hearing, the trial court asked:

THE COURT: Do you feel you've had enough time to talk to your attorney about going ahead with this no contest plea today?

MR. DANON: I do.

THE COURT: Has your lawyer talked to you about this case and has he answered all your questions?

MR. DANON: Yes.

THE COURT: Has your lawyer gone over this Aggravated Robbery charge with you and discussed that with you?

MR. DANON: Yes, Your Honor.

THE COURT: Are you satisfied with the advice your attorney has given you?

MR. DANON: Yes.

THE COURT: Do you feel your attorney has done a competent job on your

behalf?

MR. DANON: Yes.

And toward the end of the hearing -- after the court had reviewed the effect of Danon's plea, Danon's constitutional rights, the possible sentences, post-release control, and Danon's appeal rights, and after Danon had affirmed that he had signed the plea form -- the trial court and Danon had the following exchange:

THE COURT: Okay. And again, do you feel you've had enough time to think about the very important decision that you're making this afternoon?

MR. DANON: I feel like I could use more time, but I've had – I've had a lot of time to think about it.

THE COURT: Well, I will tell you if you want more time to think about it, I'll give it to you.

(DEFENDANT AND COUNSEL HAVE PRIVATE CONVERSATION)

MR. DANON: I think I'd like to proceed.

THE COURT: You sure?

MR. DANON: Yes, Your Honor.

THE COURT: Okay. And with that, Mr. Danon, I will ask you if you wish to enter a plea of no contest to Count 1 in the indictment, which charges you with Aggravated Robbery, a felony of the first degree, do you wish to plead no contest to this offense?

MR. DANON: Yes, Your Honor.

THE COURT: Are you pleading no contest to this offense voluntarily and of your own free will?

MR. DANON: Yes, Your Honor.

**{¶ 24}** Danon argues that his statements to the court at the plea hearing reflect that he "was not very confident with his decision" to enter a plea. However, Danon indicated that he had had a lot of time to consider what he wanted to do, and after speaking with his attorney, he expressed that he had decided to proceed with the plea. The trial court did not pressure Danon to enter a plea. To the contrary, it expressed that Danon could have more time to consider his options. Danon stated that he was entering his plea voluntarily, and we find nothing in the record to refute this. Moreover, upon review of the entire plea hearing, the trial court complied with the requirements of Crim.R. 11.

**{¶ 25}** Danon's second assignment of error is overruled.

### III. Denial of Motion for Continuance

**{¶ 26}** Danon's first assignment of error states:

The trial court abused its discretion when it overruled Appellant's motion to continue the sentencing hearing.

**{¶ 27}** In his first assignment of error, Danon argues that the trial court should have granted his request to continue the sentencing hearing. He argues that "there was not enough time to adequately prepare for the sentencing hearing, and that the proceedings were rushed in order to transfer him out of the county prior to his scheduled surgery."

**{¶ 28}** The trial court has broad discretion to grant or deny a motion for a continuance. *State v. Bones*, 2d Dist. Montgomery No. 26017, 2015-Ohio-784, ¶ 61. In exercising its discretion, a trial court should consider "the length of the delay requested;

whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which give [sic] rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." (Citation omitted.) *State v. Bocock*, 2d Dist. Montgomery No. 22481, 2008-Ohio-5641, ¶ 23.

{¶ 29} Danon's plea hearing was held on May 17, 2017, and the sentencing hearing was originally scheduled for July 5, 2017. One week after the plea hearing, the trial court rescheduled the sentencing for June 22, 2017. When, on June 9, defense counsel filed his motion for a continuance of the sentencing hearing, the basis for his motion was that Dr. Melton had been unable to complete her forensic evaluation due to the inability to have Danon complete certain tests. The trial court denied the motion after learning that the jail had already arranged with Dr. Melton to make the defendant available to complete the evaluation. In other words, the basis for counsel's motion for a continuance had been resolved. The trial court thus reasonably concluded that a continuance was no longer necessary.

{¶ 30} Moreover, there is no evidence in the record that Danon was prejudiced by the denial of that motion for a continuance. Notably, Dr. Melton's report was included in the sentencing memorandum filed by counsel on June 21, 2017. And, at the sentencing hearing, defense counsel made no assertion that he did not have time to adequately prepare for the hearing. At the beginning of the sentencing hearing, counsel reminded the court that he "had asked for a continuance before and [the court] had overruled that

request, so we're here ready for sentencing." Counsel did not tell the trial court that he needed additional time, and his comprehensive sentencing memorandum and his arguments to the court belie such a claim.

**{¶ 31}** Danon further argues that the sentencing hearing was "rushed." He claims that the reason for "rushing" the hearing was so that the State, rather than the county, would be responsible for Danon when Danon had his impending surgery. Danon appears to argue that, for this reason, the court did not continue the sentencing hearing to a later date to allow it time to consider defense counsel's sentencing memorandum.

**{¶ 32}** We will not speculate on the reasons for the change in the date of Danon's sentencing hearing from July 5 to June 22. And we note that, when the trial court indicated that it had not received a copy of the defense counsel's sentencing memorandum, counsel made no motion for a continuance. Regardless, the sentencing hearing transcript reveals that the trial court took a recess to review defense counsel's sentencing memorandum before imposing sentence, and defense counsel did not object to this procedure. Although the transcript does not indicate the times that the recess was taken and court resumed, the court's statements upon resuming the hearing reflect that the court took approximately one hour to review the memorandum. Having reviewed the record, including the sentencing memorandum, we cannot conclude that the trial court abused its discretion in taking a recess rather than continuing the sentencing hearing to another date.

**{¶ 33}** Danon's first assignment of error is overruled.

### IV. Conclusion

**{¶ 34}** The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

WELBAUM, P. J. and DONOVAN, J., concur.


Copies mailed to:

Janna L. Parker
Thomas M. Kollin
Hon. Christopher Gee