[Cite as *State v. Jacobs*, 2020-Ohio-895.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190154 |
| | | TRIAL NO. B-1700182-A |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| ROBERT JACOBS, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  March 11, 2020


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Roger W. Kirk,* for Defendant-Appellant.

**BERGERON, Judge.**

{¶1} In early 2019, defendant-appellant Robert Jacobs pleaded guilty to charges of involuntary manslaughter and attempted murder as part of a plea deal with the state. Mr. Jacobs was indicted two years earlier on various charges stemming from a shooting he perpetrated at a local shelter, leaving one person dead and another seriously wounded. As part of his plea deal, Mr. Jacobs received a 26-year prison sentence, and in exchange the state dismissed other charges, including a charge of aggravated murder. Mr. Jacobs now appeals, presenting a single assignment of error challenging the voluntariness of his pleas. He posits that the trial court's denial of a continuance request resulted in coercion, rendering his pleas involuntary and therefore constitutionally void. Based on our review of the record, however, we disagree and affirm his convictions.

{¶2} A defendant's guilty plea "is constitutionally valid only if it is entered knowingly, voluntarily, and intelligently." *State v. Foster*, 2018-Ohio-4006, 121 N.E.3d 76, ¶ 13 (1st Dist.), citing *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). A plea without those hallmarks is constitutionally unenforceable under both the United States Constitution and the Ohio Constitution. *See Engle* at 527.

{¶3} Generally, when we evaluate whether a guilty plea passes constitutional muster, we consider the trial court's compliance with the requirements of Crim.R. 11. *See State v. Reinhardt*, 1st Dist. Hamilton No. C-130560, 2014-Ohio-4071, ¶ 22 (the defendant's plea was not coerced by trial counsel where the record reflected that the trial court engaged in a Crim.R. 11 colloquy and that defendant entered the plea "by her own free will[.]"); *State v. Simpson*, 1st Dist. Hamilton No. C-940998, 1995 WL 610693, *1 (Oct. 18, 1995) ("[T]he record demonstrates that the trial court substantially complied with Crim.R. 11, ensuring that the plea was

voluntary."). This is the appropriate jumping-off point because Crim.R. 11(C)(2) requires the judge to personally inform the defendant of the constitutional rights he or she is waiving by pleading guilty to the offense. *See State v. Nero*, 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990) ("Ohio Crim.R. 11(C) was adopted in order to facilitate a more accurate determination of the voluntariness of a defendant's plea by ensuring an adequate record for review.").

{¶4} But in this appeal, Mr. Jacobs does not actually challenge the trial court's adherence to the requirements of Crim.R. 11. Instead, he contends that circumstances surrounding entering his pleas, primarily the denial of his continuance request, amounted to coercion, rendering his guilty pleas involuntary and thus void. *See State v. White,* 2017-Ohio-287, 81 N.E.3d 958, ¶ 8 (8th Dist.) ("[A] guilty plea, if induced by promises or threats that deprive it of the character of a voluntary act, is void."); *State v. Panezich*, 7th Dist. Mahoning No. 17 MA 0087, 2018-Ohio-2812, ¶ 17 ("A guilty plea, if coerced * * * renders the plea involuntary.").

{¶5} At the plea hearing, when asked if he had sufficient time to consider his decision, Mr. Jacobs responded "not really." This prompted the trial court to offer Mr. Jacobs another day to mull things over. Seemingly uninterested in this option, Mr. Jacobs explained: "If it was up to me, I'd start from the beginning all over again. Get a new lawyer, get everything, if it was up to me, but I got kind of bombarded. * * * I kind of got bombarded into this. So here I am about ready to do twenty-six years." The court assured Mr. Jacobs that he could still proceed to trial, offering to halt the plea hearing immediately. But Mr. Jacobs rebuffed this overture: "Your honor, I'm just telling you how I feel. All I'm doing is telling you how I feel inside. * * * If it were up to me I would rather get a continuance."

3

{¶6}   A pair of recent decisions from our sister districts help convince us that Mr. Jacob's challenge is unavailing.  On similar facts, the Second District in *State v. Danon,* 2018-Ohio-419, 105 N.E.3d 596 (2d Dist.), addressed a defendant's assertion that his guilty plea was involuntary "because [the defendant] felt pressured to enter a plea that day" and "emphasize[d] that the trial court had denied a continuance of the trial date, * * * reference[ing] statements that he made at the plea hearing to support his claim[.]" *Id.* at ¶ 21.  In rejecting this claim, the court noted, despite defendant's protestation that "he 'was not very confident with his decision,' " the trial court did not pressure the defendant to enter a plea.  *Id.* at ¶ 24.  Instead, the trial court offered the defendant additional time to consider the plea, the defendant confirmed he had sufficient time to consider the matter, and the plea hearing otherwise comported with Crim.R. 11.  *Id.*

{¶7}   Likewise, in *State v. Harris*, 12th Dist. Butler No. CA2017-11-161, 2018-Ohio-3222, the defendant insisted that his plea was involuntary because "he wanted a continuance * * * and he felt he had no other choice but to accept the plea." *Id.* at ¶ 10. Noting that "[t]he record [did] contain some hesitancy from [the defendant] regarding his decision to plead guilty," the court ultimately concluded based on the surrounding circumstances that his sentiment that he had to accept the plea was "a mere acknowledgement that he was choosing to avoid the death penalty even if the resulting sentence was life without parole." *Id.* at ¶ 14, 16.  Emphasizing that the trial court offered the defendant additional time to confer with his attorneys, the record otherwise reflected that he understood his plea, and it comported with Crim.R. 11, the court concluded that the plea was "knowingly, voluntarily, and intelligently made." *Id.* at ¶ 10, 18.

4

{¶8} And as in *Harris,* viewing Mr. Jacobs's statements to the trial court within the context of the entire plea hearing, his expressions that he felt "bombarded," that he wished to rekindle the entire process anew, and that he wanted a continuance more reflect his dissatisfaction with choosing between a 26-year sentence or gambling on heftier sanctions at trial, rather than coercion. *See Harris* at ¶ 16. And just as in both *Danon* and *Harris*, the trial court here offered Mr. Jacobs additional time to consider the pleas and informed him that trial remained an option. Declining those options, Mr. Jacobs ultimately affirmed to the trial court that he wished to enter the guilty pleas.

{¶9} Defendants often face difficult, if not gut-wrenching, decisions regarding whether to accept a plea deal. The challenge of reaching that decision, however, does not automatically render it the product of coercion. Here, the trial court did everything right to ensure that Mr. Jacobs was not coerced—it offered Mr. Jacobs more time, emphasized that he could proceed to trial, and assured him that he could stop the change of plea hearing.

{¶10} We also note that, in his appellate brief, Mr. Jacobs references statements he made at the plea hearing regarding an "incident" that transpired between him and his trial counsel as contributing to the involuntariness of his pleas. At the plea hearing, when asked by the court if he was satisfied with his attorney, Mr. Jacobs responded "I want to keep the incident to myself," but affirmed his overall satisfaction. The record reflects, however, that Mr. Jacobs never elaborated further on the "incident" leaving us only to speculate as to the nature of the alleged "incident." Even if we wished to go down that road, our speculation would run into a brick wall in light of Mr. Jacobs's acknowledgment of his satisfaction with counsel. Absent some indicia that Mr. Jacobs's counsel threatened him, provided improper

inducements for him to plead guilty, or engaged in some other inappropriate action, we cannot determine how the "incident" rose to the level of coercion. *See Reinhardt,* 1st Dist. Hamilton No. C-130560, 2014-Ohio-4071, at ¶ 13, 16 (trial counsel's recommendation that a defendant plead guilty did not amount to coercion rendering the plea involuntary or ineffective assistance of counsel).

{¶11} While we appreciate that Mr. Jacobs may have preferred another continuance to avoid entering his guilty pleas, he could not delay his day of reckoning in perpetuity. The denial of his requested continuance does not equate to coercion on the record before us. *See Harris,* 12th Dist. Butler No. CA2017-11-161, 2018-Ohio-3222, at ¶ 15 (though defendant was unhappy that the court denied his motions, the record reflected that defendant understood "the rights he was waiving, as well as the consequences of his plea."). Furthermore, review of the record reveals that the trial court otherwise complied with Crim.R. 11 at the plea hearing and that Mr. Jacobs entered the guilty pleas knowingly, intelligently, and voluntarily. *See State v. Wiesenborn,* 2019-Ohio-4487, 135 N.E.3d 812, ¶ 55 (2d Dist.), quoting *State v. Ogletree,* 2d Dist. Montgomery No. 21995, 2008-Ohio-772, ¶ 7 (" 'Compliance with the procedures mandated by Crim.R. 11(C) when a defendant enters a plea of guilty or no contest to a felony charge, absent any indicia of coercion, creates a presumption that the plea was knowing, intelligent, and voluntary.' ").

{¶12} Based on the foregoing analysis, we accordingly overrule Mr. Jacobs's sole assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**MOCK, P.J.,** and **WINKLER, J.,** concur.

Please note:
    The court has recorded its own entry this date.