[Cite as *State v. Ebbing*, 2021-Ohio-865.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28823 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-3189 |
| | : | |
| KENNETH EBBING | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of March, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

K. GEORGE KORDALIS, Atty. Reg. No. 0089697, 130 West Second Street, Suite 1818, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Kenneth Ebbing, appeals from his conviction in the Montgomery County Court of Common Pleas, after he pled guilty to one count of aggravated possession of drugs. On October 23, 2020, Ebbing's assigned counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for appeal and raising two potential assignments of error for this court's consideration. On November 5, 2020, this court notified Ebbing that his counsel had found no meritorious claims to present on appeal and granted Ebbing 60 days to file a pro se brief assigning any errors. Ebbing, however, failed to file a pro se brief. We have conducted an independent review of the record as required by *Anders* and have found no issues with arguable merit for appeal. Therefore, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On October 23, 2019, a Montgomery County grand jury returned an indictment charging Ebbing with one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a felony of the fifth degree. The charge arose after a police officer discovered 0.85 grams of methamphetamine on Ebbing's person while Ebbing was being taken into custody on a probation violation warrant in Montgomery C.P. No. 2018-CR-2681.

{¶ 3} On April 30, 2020, Ebbing pled guilty as charged in the indictment and agreed to admit to the probation violation in Case No. 2018-CR-2681. Prior to Ebbing's entering his guilty plea, the trial court advised that it would sentence Ebbing to community control sanctions with the condition that Ebbing complete the MonDay Program. The trial court

also promised that once Ebbing completed the six-month MonDay Program, the court would order an "incomplete termination" of his community control.   Plea Hearing Trans. p. 3.   However, the trial court explained that if Ebbing refused to take part in, or was not accepted into, the MonDay Program, he would instead be sentenced to six months in prison.

{¶ 4} After Ebbing confirmed his understanding of the foregoing conditions, the trial court conducted a Crim.R. 11 plea colloquy and found that Ebbing's guilty plea was knowingly, intelligently, and voluntarily entered.   The trial court then accepted Ebbing's guilty plea and found Ebbing guilty of aggravated possession of drugs.   The trial court ordered a presentence investigation ("PSI") and scheduled the matter for sentencing on May 14, 2020.

{¶ 5} At sentencing, Ebbing informed the trial court that he had been accepted into the MonDay Program, but that he had decided he would rather serve six months in prison. However, after learning that he only had 24 days of jail-time credit, Ebbing quickly changed his mind and decided to enter the MonDay Program.   Following that discussion, the trial court sentenced Ebbing to community control sanctions not to exceed five years with several general and special conditions, including that Ebbing complete the MonDay Program.   As part of the sentence, the trial court ordered Ebbing's community control to be "terminated incomplete" once Ebbing completed the MonDay Program.   However, if Ebbing violated the terms of his community control, the trial court advised that Ebbing would be sentenced to 12 months in prison. The trial court also terminated Ebbing's probation in Case No. 2018-CR-2681.

{¶ 6} Ebbing now appeals from his conviction for aggravated possession of drugs.

As previously noted, Ebbing's appellate counsel filed an *Anders* brief asserting two potential assignments of error for review. Under the first potential assignment of error, counsel requests this court to consider whether the trial court complied with Crim.R. 11 at the plea hearing. Under the second potential assignment of error, counsel requests this court to consider whether the trial court erred in sentencing Ebbing to the MonDay Program. We will address each of these claims separately.

**Standard of Review**

{¶ 7} Pursuant to *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, this court must conduct an independent review of the record to determine if the appeal at issue is wholly frivolous. *Id*. at 744. "*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. Rather, "[a]n issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *Id.*, citing *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4.

{¶ 8} If we determine the appeal is frivolous, we may grant counsel's request to withdraw and then dismiss the appeal without violating any constitutional requirements, or we can proceed to a decision on the merits if state law requires it. *State v. McDaniel*, 2d Dist. Champaign No. 2010-CA-13, 2011-Ohio-2186, ¶ 5, citing *Anders* at 744. However, "[i]f we find that any issue presented or which an independent analysis reveals

is not wholly frivolous, we must appoint different appellate counsel to represent the defendant." *Marbury* at ¶ 7, citing *Pullen.*

**First Potential Assignment of Error**

{¶ 9} Under the first potential assignment of error, Ebbing's appellate counsel requests this court to review whether the trial court violated Crim.R. 11 during the plea proceedings. We note that counsel does not assert any specific violation of Crim.R. 11. Instead, counsel has generally requested that this court review the plea proceedings for compliance with the rule.

{¶ 10} "Ohio's Crim.R. 11 outlines the procedures that trial courts are to follow when accepting pleas." *State v. Dangler*, Ohio Slip Opinion No. 2020-Ohio-2765, __ N.E.3d __, ¶ 11. "[T]he rule 'ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.' " *Id.*, quoting *State v. Stone*, 43 Ohio St.2d 163, 168, 331 N.E.2d 411 (1975). The Supreme Court of Ohio has urged trial courts to comply literally with Crim.R. 11. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29. However, in reviewing the plea colloquy, the focus should be "on whether the dialogue between the court and the defendant demonstrates that the defendant understood the consequences of his plea." (Citations omitted.) *Dangler* at ¶ 12.

{¶ 11} Pursuant to Crim.R. 11(C)(2), the trial court may not accept a defendant's guilty plea without first addressing the defendant personally and:

(a)   Determining that the defendant is making the plea voluntarily, with

understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(2)(a)-(c).

{¶ 12} Generally speaking, "a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Dangler* at ¶ 16, citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "The test for prejudice is 'whether the plea would have otherwise been made.' " *Id.*, quoting *Nero* at 108. There are, however, two exceptions to this rule. *Id.* at ¶ 14-16.

{¶ 13} The first exception is that the trial court must comply strictly with Crim.R.

11(C)(2)(c) as it pertains to the waiver of federal constitutional rights. *Id.* at ¶ 14. "When a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Id.*, citing *Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, at ¶ 31.

{¶ 14} The second exception is that "a trial court's complete failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice." *Id.* at ¶ 15, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22. However, a defendant still must show prejudice if the trial court partially complied with Crim.R. 11(C) in regard to a non-constitutional right. *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 19. Again, to show prejudice, the defendant must demonstrate that "the plea would otherwise not have been entered." (Citation omitted.) *State v. Danon*, 2018-Ohio-419, 105 N.E.3d 596, ¶ 20 (2d Dist.).

{¶ 15} We have independently reviewed the plea hearing transcript in this case and find that the trial court fully complied with all the requirements under Crim.R. 11(C)(2)(b) and (c). With respect to the requirements under Crim.R. 11(C)(2)(a), the record establishes that the trial court ensured that Ebbing understood the nature of the aggravated possession charge to which he was pleading guilty and that Ebbing entered his guilty plea voluntarily. In addition, the trial court correctly advised Ebbing that he could receive a maximum penalty of 12 months in prison and be ordered to pay a maximum fine of $2,500, plus any restitution, court costs, and other financial sanctions.

{¶ 16} The trial court also advised Ebbing that if he were sentenced to community control sanctions and thereafter violated his community control, he could receive up to 12

months in prison for the violation. Also, since Ebbing was on community control in another case at the time of the instant offense, the trial court also advised Ebbing that he could be sentenced to prison or probation for violating his community control.

{¶ 17} The trial court further notified Ebbing that following any prison sentence, he could receive a non-mandatory term of post-release control for a period of three years. The trial court explained that if Ebbing were to "violate any post-release control sanction or any law then the Adult Parole Board or parole authority may impose more restrictive sanctions, may increase the length of post-release control or could sentence [him] to a prison term of up to one-half the stated prison term for violations of post-release control." Plea Hearing Trans. p. 6. See R.C. 2967.28(F)(3). We note that the trial court did not advise Ebbing that the maximum possible prison term for a single violation of post-release control is 9 months, as required by R.C. 2943.032. However, this failure does not warrant vacating Ebbing's guilty plea.

{¶ 18} We have held that a trial court complies with Crim.R. 11 if it advises the defendant of the correct term of post-release control and notifies the defendant that the prison term for violating post-release control could be "up to one half the Court's stated prison term," but fails to notify the defendant about the nine-month-per-violation limitation for a violation of post-release control in R.C. 2943.032. State v. Jones, 2d Dist. Montgomery No. 24772, 2013-Ohio-119, ¶ 8; State v. Jennings, 2d Dist. Clark No. 2013-CA-60, 2014-Ohio-2307, ¶ 11-12.

{¶ 19} Furthermore, Ebbing cannot demonstrate any prejudice arising from the trial court's failure to advise him of the nine-month-per-violation limitation. This is because the greatest possible prison term he could have received for his aggravated possession

offense was 12 months in prison, and, pursuant to R.C. 2943.032 and R.C. 2967.28(F)(3), the maximum cumulative prison term he could have received for violating post-release control would be one half that term, i.e., six months. Therefore, the nine-month-per-violation limitation for post-release control violations simply did not apply to Ebbing. Accordingly, knowledge of the nine-month-per-violation limit would not have affected Ebbing's decision to enter his guilty plea and thus had no prejudicial effect.

{¶ 20} The record also indicates that the trial court failed to advise Ebbing that the trial court had discretion to impose a driver's license suspension for period of up to five years for his aggravated possession offense. *See* R.C. 2925.11(E) "Crim.R. 11(C)(2) mandates that a court inform a defendant that he could lose his right to drive if he pleads guilty to any statute which itself provides for such a sanction." *State v. Spitalieri*, 11th Dist. Lake No. 12-104, 1988 WL 38056, *4 (Apr. 15, 1988). However, because the trial court did not suspend Ebbing's driver's license at sentencing, Ebbing cannot establish that he was prejudiced by the trial court's failure to advise him of the possibility that his driver's license could be suspended. Accordingly, this error does not warrant vacating his plea.

{¶ 21} Based on the facts and law involved, no responsible contention can be made that any part of Ebbing's guilty plea offered a basis for reversal. Therefore, the first potential assignment of error raised by Ebbing's appellate counsel lacks arguable merit for appeal.

## Second Potential Assignment of Error

{¶ 22} Under the second potential assignment of error, Ebbing's counsel requests

this court to review whether the trial court erred in sentencing Ebbing to the MonDay Program. The MonDay Program is a community-residential sanction that offers cognitive behavioral therapy that "focuses on treating the residents' substance abuse, crimogenic behavior, and any co-existing mental disorder." Ohio Department of Rehabilitation and Correction, *MonDay Community Correctional Institution*, https://drc.ohio.gov/monday-cci (accessed Feb. 8, 2021). As previously noted, the trial court gave Ebbing the option to either complete the six-month MonDay Program as a condition of community control sanctions or to serve six months in prison. Ebbing chose community control/the MonDay Program and the trial court sentenced Ebbing accordingly.

{¶ 23} When reviewing a felony sentence, we must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7-10. Under that statute, an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under certain enumerated statutes or that the sentence is otherwise contrary to law. *Id.* at ¶ 1, 9.

{¶ 24} R.C. 2929.13(B) is one of the enumerated statutes found in R.C. 2953.08(G)(2). The statute applies to sentencing for non-violent, fifth-degree felonies such as Ebbing's aggravated possession of drugs offense. R.C. 2929.11(C)(1)(a). Section (B)(2) of the statute applied to Ebbing since he had several prior felony convictions.[1] Therefore, under R.C. 2929.13(B)(2), when sentencing Ebbing, the trial

---

[1] R.C. 2929.13(B)(1)(a) provides that community control sanctions are mandatory for non-violent, fourth- and fifth-degree felonies if certain criteria are met, including that the offender "previously has not been convicted of or pleaded guilty to a felony offense." R.C. 2929.13(B)(1)(a)(i). Because Ebbing's PSI established that he had an extensive criminal history with several prior felony convictions, community control sanctions were

court was only required to comply with the purposes and principles of felony sentencing in R.C. 2929.11 and to consider the seriousness and recidivism factors in R.C. 2929.12.

{¶ 25} Pursuant to the Supreme Court of Ohio's recent decision in *State v. Jones*, Ohio Slip Opinion No. 2020-Ohio-6729, __ N.E.3d __, when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we do not analyze whether those sentences are unsupported by the record. *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18; *Jones* at ¶ 26-29. Instead, "[w]e simply must determine whether those sentences are contrary to law." *Dorsey* at ¶ 18. "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." (Citation omitted.) *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.).

{¶ 26} Here, the trial court ordered Ebbing's community control sanctions not to exceed five years, which was within the range allowed by R.C. 2929.15(A)(1). Moreover, at sentencing, the trial court advised Ebbing that if he violated the conditions of his community control, the court would impose a 12 month prison term, which was within the statutory range for fifth-degree felonies. *See* R.C. 2929.14(A)(5) and R.C. 2929.15(B)(1)(c). The record also establishes that the trial court considered the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. Therefore, Ebbing's sentence was not contrary to law.

{¶ 27} We also note that " '[w]hen ordering community control sanctions, R.C.

---

not mandatory under R.C. 2929.13(B). Therefore, section (B)(1) of R.C. 2929.13 did not apply to Ebbing.

2929.15 grants a sentencing court broad discretion to impose residential, nonresidential, and financial sanctions, as well as other conditions the court deems appropriate.' " (Emphasis omitted.) *State v. Fields*, 2d Dist. Champaign No. 2018-CA-35, 2019-Ohio-2834, ¶ 14, quoting *State v. Rogers*, 2d Dist. Montgomery No. 24848, 2012-Ohio-4753, ¶ 21. (Other citation omitted.) " 'Therefore, we review a trial court's imposition of conditions upon a defendant's community control sanctions under an abuse-of-discretion standard.' " *Id.*, quoting *Rogers* at ¶ 21. A trial court abuses its discretion if a decision is unreasonable. *Id.* at ¶ 15, citing *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 28} " '[T]he tests for reasonableness of a [community control] sanction are those announced in [*State v. Jones*, 49 Ohio St.3d 51, 550 N.E.2d 469 (1990)] regarding reasonableness of a condition of probation.' " *Id.* at ¶ 16, quoting *State v. Lacey*, 2d Dist. Montgomery No. 23261, 2009-Ohio-6267, ¶ 12. (Other citation omitted.) "In *Jones*, the Supreme Court of Ohio held that a trial court may impose conditions upon a defendant's probation that relate to the interests of doing justice, rehabilitating the offender, and insuring his good behavior." *Id.* citing *Jones* at 52. "In making this determination, 'courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation.' " *Id.* quoting *Jones* at 53.

{¶ 29} When considering the aforementioned factors in *Jones*, it cannot be said that the trial court's decision to have Ebbing complete the MonDay Program as a condition of his community control was unreasonable. The MonDay Program is a six-month

residential, correctional program that provides treatment for substance abuse and mental health disorders. Ebbing's PSI indicated that he was a longtime substance abuser who has been hospitalized five times due to drug overdoses. The PSI also indicated that, while on community control in a prior case, Ebbing refused to attend treatment for his drug addiction and continued to use illicit substances. Moreover, on December 9, 2019, Ebbing attended residential drug treatment at Nova Behavioral Health, but left after three days. The PSI further indicated that Ebbing had been diagnosed with bipolarism, anxiety, and depression, and was not then taking any medication. For these reasons, we find that the trial court's decision to have Ebbing complete the MonDay Program as a condition of his community control was reasonable and not an abuse of discretion.

{¶ 30} Having reviewed the record, we find that there is no basis on which to modify or vacate Ebbing's sentence, and that no responsible contention can be made that any part of Ebbing's sentence offers a basis for reversal. Therefore, for the reasons outlined above, the second potential assignment of error raised by Ebbing's appellate counsel lacks arguable merit for appeal.

## Conclusion

{¶ 31} In addition to reviewing the potential assignments of error raised herein, we have performed our duty under *Anders* to conduct an independent review of the record. After doing so, we have found no issues with arguable merit for Ebbing to advance on appeal. Therefore, we affirm the judgment of the trial court and grant counsel's request to withdraw from representation.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
K. George Kordalis
Kenneth Ebbing
Hon. Gerald Parker