[Cite as *State v. Tuck*, 2026-Ohio-1834.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 2025CA00079 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Canton Municipal Court, Stark County, Ohio, Case No. 2025 TRC 00855 |
| CORTEZ LEE TUCK, | Judgment:  Affirmed |
| Defendant - Appellant | Date of Judgment Entry: May 19, 2026 |

**BEFORE:** Craig R. Baldwin; Robert G. Montgomery; David M. Gormley, Judges

**APPEARANCES:** JASON REESE, CANTON LAW DIRECTOR by KRISTINA LOCKWOOD and MAGDALANA WALLACE, for Plaintiff-Appellee; DONOVAN HILL, for Defendant-Appellant.

*Montgomery, J.*

**{¶1}** Defendant-Appellant, Cortez Tuck ("Appellant"), appeals the judgment of the Canton Municipal Court, Stark County, Ohio, accepting his plea of no contest. For the reasons below, we AFFIRM.

## STATEMENT OF FACTS

**{¶2}** The record establishes the following facts.  On Friday June 27, 2025, a jury trial was set to begin at 9:00 a.m.  As of 9:12 a.m., Appellant did not appear and the Court

began to speak to the attorneys on the record. Appellant's counsel informed the court Appellant called him at 8:54 a.m., said he was picking up one of the witnesses, and that he was five minutes away. When Appellant still had not appeared by 9:13 a.m., the court issued a warrant for said failure to appear and informed counsel that if/when Appellant appeared, he would be taken into custody.

{¶3} Appellant eventually appeared and his attorney made an oral motion that the jury trial be continued. The court reminded the parties that the trial had been set for months and that 22 potential jutors from the community were waiting for Appellant to arrive. As of 9:13 a.m., after giving Appellant additional time, he still was not present and a warrant was issued. The court instructed Appellant, "At this point it would maintain to be a warrant. You certainly don't have to plead. We can then just do the jury trial on Monday. We will just take you into custody and do it then." *Tr.*, pp. 5-6. Defense counsel confirmed with the court the trial would be the following Monday, asking "And it for sure would be Monday Your Honor?." *Tr.*, p. 6. The court replied, "Yes." *Id.* Thereafter, the State, Appellant, and Appellant's counsel had discussions off the record.

{¶4} The State offered to amend the original Charge of OVI refusal offense number 3 to an OVI low tier third offense under R.C. 4511.19(A)(1), thereby reducing the number of days Appellant was required to spend in jail. Appellant again conferred with his counsel. After a lengthy delay, Appellant decided to plead no contest to the amended charge. The court inquired whether Appellant wanted to waive his constitutional rights, including his right to a jury trial. Appellant confirmed that he would waive his rights and a presentation of the facts, and plead no contest. The court canceled the warrant and allowed Appellant to report to the Stark County Jail six (6) months after the plea, when work was less busy, to prevent him from losing his job.

## ASSIGNMENTS OF ERROR

**{¶5}** "I. THE TRIAL COURT ABUSED ITS DISCRETION TO THE PREJUDICE OF APPELLANT BY DISMISSING THE JURY VENIRE A MERE THIRTEEN MINUTES AFTER APPELLANT'S JURY TRIAL WAS SET TO COMMENCE, EFFECTIVELY DENYING APPELLANT HIS CONSTITUTIONAL RIGHT TO A JURY TRIAL."

**{¶6}** "II. APPELLANT'S NO CONTEST PLEA AND WAIVER OF A JURY TRIAL WAS COERCED AND THEREFORE NOT ENTERED INTO VOLUNTARILY."

## LAW AND ANALYSIS

### *Waiver of Right to a Jury Trial*

**{¶7}** In the first assignment of error, Appellant argues the trial court improperly dismissed the jury only 15 minutes after the trial was set to begin. We disagree. A trial court judge possesses broad discretion in running his or her courtroom. *State v. Knight*, 2024-Ohio-2176 (7th Dist.) (noting there is a "plethora of law" holding that a trial judge has broad discretion to run his or her courtroom).

**{¶8}** Generally, the right to a jury trial is a right protected by both the United States Constitution and the Ohio Const. art. I, § 5. Here, after being late for his jury trial, the trial court gave Appellant two options: he could have his jury trial continued to Monday, the next business day - thereby retaining his right to a jury trial - or he could plead to the State's offer of an amended charge and have his report date set out to a later date to avoid losing his job. Appellant had lengthy discussions with his counsel, off the record, and decided to plead no contest to the amended charge. Appellant's counsel discussed the waiver of his rights and the corresponding form. Appellant signed the form in open court. The trial court then stated:

> Alright. So Mr. Tuck you have had a long time this morning to talk with your attorney. I just want to make sure you understand your rights. That you are giving up your right to have a trial by jury. * * * This is your initials and

your signature on this waiver of rights form. You are waiving all those rights today by pleading no contest, is that correct?

*Tr.,* p. 7.

**{¶9}** Appellant replied, "Yes." *Id.* Thus, while in open court Appellant stated his intentions to waive a jury trial. After a verbal exchange with the court, Appellant's jury waiver was made a part of the record. Appellant properly waived his right to a jury trial unless his plea was "coerced," discussed below. **Appellant's first assignment of error is overruled**.

### *Appellant Was Not Coerced into Entering a Plea*

**{¶10}** Appellant's second assignment of error claims that he was coerced into entering a no contest plea and thus, his plea was not knowing and voluntary. Again, we disagree.

**{¶11}** Crim.R. 11(B)(2) provides that a "plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint * * *." As such, Crim.R. 11(C) requires guilty pleas and no contest pleas to be made knowingly, intelligently, and voluntarily. *State v. Hinkle*, 2024-Ohio-5499, ¶¶ 24-25 (5th Dist.), *appeal not allowed,* 2025-Ohio-857; *State v. Engle*, 74 Ohio St.3d 525, 527 ("When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily."). Strict compliance is required with respect to the constitutional rights enumerated in Criminal Rule 11(C)(2)(c), while substantial compliance suffices for nonconstitutional advisements under Criminal Rule 11(C)(2)(a) and (b). *State v. Veney*, 2008-Ohio-5200, ¶¶ 19, 31; *State v. Nero*, 56 Ohio St.3d 106, 108 (1990); *State v. Carder*, 2026-Ohio-1061, ¶ 8.

{¶12} Typically, when an appellant argues his or her plea was not entered into knowingly, intelligently, and voluntarily the argument requires an analysis of whether the specific requirements of Crim.R. 11 were met. Here, Appellant does not argue the trial court failed to comply with the mandates of Crim.R. 11(C). *State v. Panezich*, 2018-Ohio-2812, ¶ 16 (7th Dist.). Rather, Appellant argues his plea was not knowing, intelligent, and voluntary because it was coerced by the threat of jail time.

{¶13} A plea cannot be induced by "actual or threatened physical harm or by mental coercion overbearing the will of the defendant." *Brady v. U.S.*, 397 U.S. 742, 750 (1970). A guilty plea, if coerced or induced by promises or threats renders the plea involuntary and void. *State v. Kelly*, 2010-Ohio-432, ¶ 21 (8th Dist.), citing *State v. Allen*, 2009-Ohio-3799, ¶ 16 (6th Dist.); *Panezich*, ¶ 17; *State v. Jacobs*, 2020-Ohio-895, ¶ 4 (1st Dist.); *State v. Danon*, 2018-Ohio-419 (2d Dist.). A mere claim of coercion is not sufficient; coercion or threat must be shown from the record or other credible evidence. *Gowdy*, ¶ 37. It is equally important to recognize that although the decisions defendants must make in criminal cases are often difficult, said difficulty does not necessarily render those decisions involuntary. *State v. Kesterson*, 1996 Ohio App. LEXIS 2209 (2d Dist.).

{¶14} Here, the court stated that if Appellant chose not to plea, his jury trial would take place on the very next business day. Thus, the trial court reassured Appellant that he did <u>not</u> have to plead and remained free to go to trial on the very next business day.[1] The record simply does not support Appellant's claim that he was "coerced" to enter a plea by the "threat" of jail. To the contrary, the record reveals that Appellant, with the assistance of counsel, rationally weighed two less than favroable options. The court took

[1] Because the original trial was to begin on a Friday, and the next business day was Monday, he would have to spend the weekend in jail.

multiple, lengthy, recesses to allow Appellant to discuss options with counsel.  Indeed, the trial court stated:

> You certainly don't have to plead. We can then just do the trial on Monday. We will just take you into custody and do it then. But I need you to understand that if you want to go forward that's fine. Um we will just do the jury trial and whatever jail sentence would, just, if if [sic] convicted would just go from there.
>
> *Tr.*, p. 6.

**{¶15}** After discussions with counsel, Appellant made the choice to plead to the lower tier OVI offense, thereby reducing his jail time to serve at a later date.  Appellant indicated he understood the rights he was giving up in exchange for his guilty plea.  The record does not demonstrate "actual or threatened physical harm or mental coercion overbearing Appellant's will."  *Brady*, at 750.  That Appellant was dissatisfied with his choices does not render the plea involuntary. *Gowdy,* ¶ 41.  Appellant entered his plea knowingly, intelligently, and voluntarily. Therefore, the trial court properly accepted Appellant's plea of no contest.  **Appellant's second assignment of error is overruled**.

## CONCLUSION

{¶16} Appellant's first and second assignments of error are overruled and the judgment of the Canton Municipal Court, Stark County, Ohio, is AFFIRMED.

{¶17} Costs to Appellant.

By: Montgomery, J.

Baldwin, P.J. and

Gormley, J. concur.